IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01109-GPG

CHRISTOPHER COATES,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
CHARLES E. SAMUELS, JR.,
JOSE SANTANA,
DAVID ALLRED,
JESSICA SEATON, and
OFFICER KELLER,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE

    Plaintiff, Christopher Coates, is in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary, Florence High, in Florence, Colorado. On May 28, 2015, Mr. Coates filed a Prisoner Complaint (ECF No. 1) asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

    On July 30, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because it did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, Magistrate Judge Gallagher found that Mr. Coates failed to set forth a short and plain statement of his claims showing that he is entitled to relief because he did not specify against which Defendant or Defendants he was asserting his claims and failed to allege specific facts

demonstrating that his constitutional rights have been violated by the named Defendants. Magistrate Judge Gallagher directed Plaintiff to file an amended complaint within thirty days of the July 30 Order. Mr. Coates did not file an amended prisoner complaint within the time allowed. Accordingly, the Court will review the original Complaint filed on May 28, 2015.

Mr. Coates as been granted leave to proceed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Plaintiff's claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The Court must construe the Complaint liberally because Mr. Coates is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss this action, in part, and draw the remainder to a presiding judge and, if appropriate, to a magistrate judge.

In the Complaint, Mr. Coates alleges that "defendants have consistently failed to provide medical, mental healthcare and protection throughout his incarceration in violation of his constitutional rights as part of a systematic failure to provide adequate care." (ECF No. 1, at 3). Mr. Coates alleges that his "mental illness is obvious, severe

and largely untreated," and that "[w]hile in BOP custody, the plaintiff has engaged in acts of severe self-mutilation resulting in outside hospitalization and surgery." (*Id.,* at 4). He further asserts that he requires "opiate pain medication to regulate his pain" caused by complications from an attempted suicide. (*Id.*). Mr. Coates asserts four claims for relief in the Complaint and seeks damages and injunctive relief.

Mr. Coates first asserts that he has been denied medical care and mental health care in violation of the Eighth Amendment. (ECF No. 1, at 4, 9). In support of claim one, Mr. Coates alleges that he is a "Care Level 4 inmate" and "USP Florence is a Care Level 2 facility" resulting in a lack of "access to the necessary level of supervision by doctors, psychologists and specialists." (*Id.,* at 9). Mr. Coates alleges that Defendant Santana "designated plaintiff to USP Florence." (*Id.*). Mr. Coates further alleges that after his arrival at USP Florence, Defendant Allred immediately discontinued his narcotic pain medication and "failed to act for more than a week plunging plaintiff into narcotic withdrawal for which no aid was rendered despite numerous officers, nurses and psychologists notifying Allred he was vomiting, in pain, experiencing muscle cramps and disorientation." (*Id.*). Mr. Coates further alleges that Defendant Seaton was aware that Plaintiff was mentally ill and suicidal, but "took no action to assess plaintiff's condition and later that day plaintiff severely injured himself requiring inpatient hospitalization." (*Id.*).

Next, Mr. Coates asserts a failure to protect claim because "[d]ozens of inmates, many armed with weapons, have assaulted and/or threatened to assault plaintiff since 2009" based on his sex offender history. (ECF No. 1, at 5). Mr. Coates further alleges that the "BOP is aware of the danger to plaintiff but refuses to house plaintiff in a unit or

facility dedicated to the protection of prisoners defined at as needing such." (*Id.*). Mr. Coates further alleges that "Defendant Santana has been involved in placing plaintiff in BOP's most dangerous prisons since 2011 with full knowledge of the alleged sex offense and its availability to inmates." (*Id.*). Mr. Coates also asserts that Defendant Samuels "has had the authority since 2010 to modify BOP's classification system to set aside facilities for protection cases but has refused to act even as dozens of prisoners were murdered and thousands assaulted, each of which was reported to him personally." (*Id.*).

In his third claim, Mr. Coates alleges a violation of the Eighth Amendment because he "has been in solitary confinement near continuously since 2013" resulting in "more frequent and severe mood swings, self-mutilation, thoughts of suicide, anxiety, insomnia and panic attacks." (ECF No. 1, at 6). He further asserts that Defendant "BOP has known since 1999 that extended periods of confinement in isolation can be psychologically damaging to any prisoner and can be particularly harmful to the mentally ill" and that "Defendant BOP refuses to provide notice, opportunity to be heard, or reviews of plaintiff's solitary confinement status." (*Id.*).

Finally, Mr. Coates asserts a First Amendment retaliation claim. (ECF No. 1, at 11). In support of claim four, Mr. Coates alleges that Defendant Allred stopped his narcotic pain medication after Plaintiff stated that "he was going to file a grievance on Allred that day." (*Id.*). Mr. Coates further alleges that Defendant Keller "authored a materially false disciplinary charge against plaintiff" in retaliation for Plaintiff asking "Defendant Keller to call medical or help plaintiff get grievance forms." (*Id.*).

The Court finds that Mr. Coates does not allege specific facts to show that

4

Defendants Santana and Samuels personally participated in any of the alleged constitutional violations. Mr. Coates was warned in the July 30 Order that conclusory allegations are insufficient and that personal participation is an essential allegation in a civil rights action. Mr. Coates cannot maintain his claims against Defendant Santana, solely on the basis that Defendant Santana "designated plaintiff to USP Florence and "has been involved in placing plaintiff in BOP's most dangerous prisons since 2011." Similarly, Mr. Coates cannot maintain his claims against Defendant Samuels, solely on the basis that Defendant Samuels has "authority since 2010 to modify BOP's classification system to set aside facilities for protection cases but has refused to act even as dozens of prisoners were murdered and thousands assaulted, each of which was reported to him personally." Plaintiff's vague and conclusory assertions are insufficient to state an arguable claim for relief against Defendants Santana and Samuels. *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (vague and conclusory allegations are not actionable under § 1983); *Hall*, 935 F.2d at 1110 (vague and conclusory allegations need not be accepted by the court). Moreover, Mr. Coates does not allege facts to show that Defendants Santana and Samuels were involved directly in the alleged Eighth Amendment violations by acting with deliberate indifference to a serious risk of harm to Plaintiff's safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1970). Because Plaintiff does not allege specific factual allegations to support the alleged constitutional violations against Defendants Santana and Samuels in any of his claims for relief, these two Defendants will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Plaintiff's claims against Defendants Allred, Seaton, Keller, and Federal Bureau of

Prisons do not appear to be appropriate for summary dismissal and that the case should be drawn to a presiding judge, and, if appropriate, to a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that Plaintiff's claims against Defendants Jose Santana and Charles E. Samuels, Jr. are DISMISSED as legally frivolous and Defendants Jose Santana and Charles E. Samuels, Jr. are DISMISSED as parties from this action.  It is

FURTHER ORDERED that Plaintiff's claims against Defendants David Allred, Jessica Seaton, Officer Keller, and Federal Bureau of Prisons shall be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this  18th  day of   September  , 2015.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court