**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01109-PAB-NYW

CHRISTOPHER COATES,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
DAVID ALLRED,
JESSICA SEATON, and
OFFICER KELLER,

      Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiff's Motion for a Preliminary Injunction filed on June 12, 2015 [#5] and Defendant Federal Bureau of Prisons' Motion for Summary Judgment filed on October 23, 2015 [#19]. Pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated September 28, 2015 [#12], the memorandum dated September 28, 2015 [#13], and the memorandum dated October 23, 2015 [#19], this matter was referred to the undersigned Magistrate Judge. After carefully reviewing the Motions, related briefing, the entire case file, and applicable case law, I respectfully **RECOMMEND** that the Motion for a Preliminary Injunction [#5] be **DENIED** and the Motion for Summary Judgment [#19] be **GRANTED**.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Christopher Coates ("Plaintiff" or "Mr. Coates") is a *pro se* prisoner litigant who was incarcerated at the United States Penitentiary, High Security, in Florence, Colorado ("USP

Florence") when he filed a Prisoner Complaint on May 28, 2015 [#1] pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403, U.S. 388 (1971) and numerous statutes, alleging violations of his Eighth Amendment rights. [#1]. Plaintiff seeks $250,000 in compensatory damages, $750,000 in punitive damages, and an injunction compelling the Bureau of Prisons ("BOP") to: "(1) release plaintiff from solitary confinement (2) release plaintiff from High/MAX custody status (3) transfer plaintiff to the general population of a Federal Medical Center (4) Order BOP to upgrade USP Florence to Care Level 3 or cease housing Care Level 3 Prisoners there (5) Order BOP to cease artificially changing Care Levels to suit transfers (6) Order remedial plan to address plaintiffs future safety needs." [#1 at 8].

Plaintiff alleges violations of the Eighth Amendment arising during his incarceration at USP Florence. In the Complaint, Mr. Coates alleges that "defendants have consistently failed to provide medical, mental healthcare and protection throughout his incarceration in violation of his constitutional rights as part of a systematic failure to provide adequate care." [#1 at 3]. Mr. Coates alleges that his "mental illness is obvious, severe and largely untreated," and that "[w]hile in BOP custody, the plaintiff has engaged in acts of severe self-mutilation resulting in outside hospitalization and surgery." [*Id.* at 4]. He also asserts that he requires "opiate pain medication to regulate his pain" caused by complications from an attempted suicide. [*Id.*]. Mr. Coates' causes of action for violation of his constitutional rights include claims for: (1) violation of the Eighth Amendment based on inadequate health care and mental health care; (2) violation of the Eighth Amendment based on failure to keep him safe while incarcerated; (3) violation of the Eighth Amendment based on his isolation and solitary confinement while incarcerated. [#1 at 4-

6]. The factual allegations in each of Mr. Coates' claims for relief were recently described in detail in the court's Order to Dismiss in Part and to Draw Case. [#10, filed Sept. 18, 2015].

On June 10, 2015, Mr. Coates filed a motion and affidavit for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [#4]. Two days later, on June 12, 2015, he filed a Motion for a Preliminary Injunction. [#5]. In the Motion for a Preliminary Injunction, Mr. Coates requested "a preliminary injunction to enjoin the withholding of pain medication and to compel further action of the plaintiffs medical condition." [#5 at 1]. He stated that he "recently had major surgery to remove a foreign object from his stomach," and that as a result, he was in severe pain, was not receiving adequate palliative care, and was not receiving proper bandage changes. [*Id.*]. He also stated that "it is clear even to a lay person that a postoperative patient who has had their entire abdomen cut open would need strong pain medications, a liquid diet for a time, bandage renewal daily with sterile materials, monitoring for fever or infection, and all of these basic services have been withheld by defendants." [*Id.* at 2-3]. Accordingly, he requested "a hearing to present testimony of fellow inmates on what they have observed regarding plaintiffs medical care and on the absence of care at USP Florence in general." [*Id.* at 3]. The injunctive relief that Mr. Coates sought in his Motion for a Preliminary injunction was for the Court to order: (1) "Defendant Allred to continue the pain medications plaintiff was receiving at St. Mary Corwin Hospital, to order and provide daily bandage changes, to provide all necessary postoperative care to plaintiff"; and (2) "the BOP to designate Delta-Bravo Unit of USP Florence a Medical Care Level 3 unit." [*Id.*].

After Mr. Coates' request for a preliminary injunction, the court granted his motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [#8]. The court then entered

an order on July 30, 2015 directing Plaintiff to file an amended complaint within 30 days of the order to correct deficiencies in his pleadings. [#9 at 4]. Mr. Coates did not file the amended complaint, and on September 18, 2015, the Honorable Lewis T. Babcock entered an Order to Dismiss in Part and to Draw Case. [#10]. In the Order to Dismiss in Part and to Draw Case, Judge Babcock dismissed Plaintiff's claims against Charles E. Samuels, Jr. and Jose Santana because the claims against those defendants were found to be legally frivolous. [*Id.* at 6]. After the September 18 Order, Defendants Federal Bureau of Prisons (the "BOP"), David Allred, Jessica Seaton, and Officer Jonathan Keller[1] (collectively, "Defendants") remain in the case.

The BOP filed a Motion for Summary Judgment on October 13, 2015. [#19]. In the Motion for Summary Judgment, the BOP argues that because Mr. Coates is an inmate in the custody of the BOP at USP Florence, he is required to exhaust all administrative remedies before him before seeking judicial review of the decision(s). [*Id.* at 3]. The BOP explains the four-step administrative process which a prisoner must pursue in order to exhaust his administrative remedies. [*Id.* at 4-5]. According to the BOP, Mr. Coates did not follow this four-step process for any of claims in the current lawsuit. [*Id.* at 5]. The BOP asserts that Mr. Coates has filed a total of 33 administrative grievances during his incarceration. [*Id.*]. However, the BOP contends that only two of those grievances were filed during his time at USP Florence, where the events giving rise to this action took place, and neither of them pertain to the Eighth Amendment claims presented in this action, namely that Defendants denied Mr. Coates medical and mental health treatment; that Defendants failed to protect him from assaults by other inmates based on his sex

---

[1] The court refers to Officer Keller using the spelling "Keller" because this is the spelling used in the official caption and in his Waiver of Service of Summons. However, the court acknowledges that his last name is spelled "Kellar" in certain other instances in this case.

offender history; that his solitary confinement amounts to cruel and unusual punishment; and that he is subject to retaliation in violation of his First Amendment rights. [*Id.*]. Accordingly, the BOP requests summary judgment on its affirmative defense that Mr. Coates failed to exhaust his administrative remedies. Defendants David Allred, Jessica Seaton, and Officer Keller joined the BOP's Motion for Summary Judgment on November 23, 2015. [#25].

The court issued a Minute Order on November 4, 2015, instructing Mr. Coates to file any response to the Motion for Summary Judgment no later than November 23, 2014, Defendant Federal Bureau of Prisons to file any response to the Motion for Preliminary Injunction no later than November 23, 2014, and the parties to file any reply in support of the Motion for Summary Judgment or the Motion for Preliminary Injunction no later than December 2, 2015. [#21].

On November 6, 2015, Mr. Coates filed a "Motion to Denie Summary Judgment and Show Cause" [#22], which the Court construes as an opposition to the Motion for Summary Judgment. In his filing, Mr. Coates asks the court to "grant me to continue this case because how am i supposed to Exhausted my Administrative Remedies when the counselor kept putting me off and would not bring me the proper forms I needed to file." [#22 at 1]. Mr. Coates also states: "If I am unable to get the proper forms to exhausted the remedies then how can the court grant the FEDERAL BUREAU OF PRISONS summary judgment." [*Id.*]. He further alleges that USP Florence does not like prisoners filing lawsuits and that the prison tries to stop inmates from receiving the proper paperwork to exhaust the administrative remedies. [*Id.* at 1-2]. According to Mr. Coates, there is also retaliation involved in these types of situations and he was denied access to the BP-8, BP-9, BP-10, and BP-11 forms that he needed to pursue

administrative remedies. [*Id.* at 2]. Mr. Coates therefore asks the court to deny the BOP's Motion for Summary Judgment. [*Id.*].

The BOP filed its reply in support of its Motion for Summary Judgment on November 6, 2015. [#23] The BOP argues that Mr. Coates' vague statements that he had tried, but failed to obtain the necessary forms to exhaust his administrative remedies are insufficient to create genuine issues of disputed fact that would preclude granting summary judgment. [*Id.* at 3].

On November 23, 2015, the BOP filed its Response to Mr. Coates' Motion for a Preliminary Injunction. [#24]. In the Response, the BOP provided a detailed medical history for Mr. Coates following his arrival at USP Florence, starting in April 2015. [#24 at 2-13]. The Response included a declaration from Defendant David Allred detailing Mr. Coates' medical history, including his prescriptions for various pain medications, his abdominal problems, and surgeries to remove foreign objects from his stomach. [#24-1]. According to the BOP, Mr. Coates is not entitled to a preliminary injunction because he cannot establish likelihood of success on the merits due to the fact that the BOP has responded reasonably to Mr. Coates' medical condition, he cannot establish irreparable harm because the BOP has provided him with prompt and reasonable medical care, and the balance of hardships and public interest do not weigh in his favor. [#24 at 9-12]. Despite the court's notice to Mr. Coates of his December 2, 2015 deadline to file a reply in support of the Motion for a Preliminary Injunction, *see* [#21], Mr. Coates did not do so.

For the reasons stated below, this court finds that Mr. Coates failed to exhaust his administrative remedies regarding the instant claims against Defendants and therefore, respectfully recommends that summary judgment be entered in favor of Defendants. The court

6

further finds that to the extent summary judgment should not be entered in favor of Defendants, Plaintiff has also failed to establish the necessary elements for preliminary injunctive relief, and therefore, his motion for preliminary injunction should be denied.

## STANDARD OF REVIEW

### I.  Summary Judgment

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ .P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). "A 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 248-49; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

When the affirmative defense of failure to exhaust administrative remedies is asserted in a Motion for Summary Judgment, Defendants "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant[s] meet[] this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id.* "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant[s] [are] then entitled to summary judgment as a matter of law." *Id.*

## II. Preliminary Injunction

To succeed on a motion for a preliminary injunction under Fed. R. Civ. P. 65, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotations omitted). Granting such "drastic relief," *United States ex. rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

In considering these instant motions, the court notes that Mr. Coates is proceeding *pro se*, and therefore, the court construes his briefs liberally and holds them to a less stringent standard

than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The *Haines* rule applies to all proceedings involving a *pro se* litigant, including . . . summary judgment proceedings." *Id.* at n.3 (citations omitted). The *Haines* rule also instructs that a *pro se* litigant's complaint be "liberally construed to raise the strongest claims the allegations suggest." *Magassouba v. Cross*, No. 08-cv-4560-RJH-HBP, 2010 WL 1047662, at *5 (S.D.N.Y. March 1, 2010) (internal citations omitted). However, the court cannot be a *pro se* litigant's advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). "Although [o]ur summary judgment standard requires us to view the facts in the light most favorable to the non-moving party[,] it does not require us to make unreasonable inferences in favor of the non-moving party." *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1276 (10th Cir. 2008) (quoting *Starr v. Downs,* 117 Fed. App'x. 64, 69 (10th Cir. 2004)). Furthermore, the court may, at any time and of its own accord, dismiss any action that is frivolous or which fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(6); *Bellmon*, 935 F.2d at 1108-10.

## ANALYSIS

The court turns first to the Motion for Summary Judgment because if the Plaintiff failed to exhaust administrative remedies before filing this suit, this action is barred and Plaintiff's Motion for a Preliminary Injunction would be rendered moot.

### I. Motion for Summary Judgment

Defendants moves for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). [#19, #25]. Defendants bear the burden of proving the affirmative defense that

Plaintiff failed to exhaust available administrative remedies. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007)

The PLRA requires prisoners to exhaust administrative remedies before filing a civil rights action. The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or specific episodes. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (holding that prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint). Exhaustion of administrative remedies is mandatory and is intended to give corrections officials an opportunity to address complaints internally before initiation of a federal lawsuit. *See Woodford*, 548 U.S. at 93. Exhaustion is an affirmative defense, which necessitates that Defendants meet the burden of proving it by a preponderance of the evidence. *Roberts*, 484 F.3d at 1241.

The PLRA requires only that prisoners exhaust available remedies. 42 U.S.C. § 1997e(a) ("No action shall be brought . . . until such administrative remedies as are available are exhausted."). The Tenth Circuit interprets this provision to mean that if an administrative remedy is not available, an inmate cannot be required to exhaust it. *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011). A remedy is "available" under the PLRA if it affords "the possibility of some relief for the action complained of." *Booth*, 532 U.S. at 738. The Tenth Circuit has held that an administrative remedy is not "available" under the PLRA if "prison

officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the] administrative remedy." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (a prison official's failure to respond to a grievance within prescribed time limit renders an administrative remedy unavailable). Based on this principle, the court must "ensure that any defects in exhaustion [are] not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

Plaintiff responds to the motion for summary judgment by stating that he could not exhaust his administrative remedies because he is "unable to get the proper forms to exhaust[] the administrative remedies." [#22]. The BOP provides a four-tiered Administrative Remedy Program for inmate grievances, which is codified at 28 C.F.R. § 542.10 *et seq.* The first tier requires informal resolution with prison staff, which the prisoner requests with a form commonly known as a BP-8. *See* 28 C.F.R. § 542.13(a). A prisoner must obtain this form from his correctional counselor. The regulations allow the prisoner twenty days from the date of the incident to complete the informal resolution and file a formal Request for Administrative Remedy, if necessary. *See* 28 C.F.R. § 542.14. The prisoner must submit the formal inquiry, known as a BP-9 request, to the warden at the institution where the prisoner is incarcerated. *Id.* If dissatisfied with the warden's response, the prisoner may appeal to the Regional Director by filing a Regional Office Administrative Remedy Appeal, also known as a BP-10 request, within twenty days of the warden's dated response. *See* 28 C.F.R. § 542.15(a). Finally, the prisoner may file a Central Office Administrative Remedy Appeal, known as a BP-11 request, with the BOP's Office of General Counsel within thirty days of the Regional Office's denial. *Id.* At any

level, an official's failure to respond within the time allotted constitutes a denial of the request or appeal. 28 C.F.R. § 542.18.

The BOP regularly maintains records of administrative complaints filed by inmates under the Bureau Administrative Remedy Program in a database known as SENTRY. [*See* #19 at 2]. The BOP supplied, through the Declaration of M. Amelia Weise, a Legal Assistant at the Federal Correctional Complex (FCC) in Florence, Colorado, a summarized account of every grievance Plaintiff has filed while under BOP custody. [#19-1 at 11-29]. Ms. Weise attested that none of Plaintiff's 33 grievances relate to his allegations in the Complaint. [*See id.* at ¶ 11].

The SENTRY report attached as Exhibit A to Ms. Weise's declaration shows that Mr. Coates filed two administrative grievances since arriving at USP Florence on April 17, 2015. [#19-1 at 28-29]. Both remedies are BP-10 appeals of disciplinary sanctions unrelated to the claims here. [*See* #19 at 3]. The first grievance, Administrative Remedy Appeal No. 829911-R1, involved Mr. Coates' appeal of disciplinary sanctions for Code 218[2] violations. [*Id.*] This appeal was denied by the BOP's North Central Regional Office ("NCRO") on September 21, 2015. [#19-1 at 28.] The second grievance, Administrative Remedy Appeal No. 837901-R1, involved Mr. Coates' appeal of another disciplinary charge for a Code 203[3] violation. [#19 at 3.]. The NCRO received the second grievance on October 2, 2015 and rejected it as untimely. [*Id.*]. The BOP alleges that neither of these grievances relates to the claims in this case, *see* [#19 at 3, 5], and Plaintiff does not dispute this point, *see* [#22].

---

[2] A Code 218 violation pertains to "[d]estroying, altering, or damaging government property, or the property of another person, having a value in excess of $100.00 or destroying, altering, or damaging life-safety devices (e.g., fire alarm) regardless of financial value." 28 C.F.R. 541.3(b).
[3] A Code 203 violation pertains to "[t]hreatening another with bodily harm or any other offense." 28 C.F.R. 541.3(b).

In response to the Motion for Summary Judgment, Plaintiff stated that he was unable to exhaust his administrative remedies because "the counselor kept putting [him] off" and "would not bring [him] the proper forms [he] needed to file." [#22 at 1]. He also stated that "[i]t has been noted on lots of occasions that USP Florence does not like inmates that file law suits and try to stop inmates from receiving the proper paperwork to exhaust there remedies." [*Id.* at 2]. He further stated that "[t]here is also Retaliation methods involved in these type of situations." [*Id.*]. Accordingly, he argued that "summary judgment is not appropriate because Coates was denied the BP-8, BP-9, BP-10, and BP-11." [*Id.*].

As noted above, the PLRA exhaustion statute "requires that prisoners exhaust only available remedies." *Tuckel*, 660 F.3d at 1252 (emphasis in original). "[A]n administrative remedy is not 'available' under the PLRA if 'prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the] administrative remedy.'" *Id.* (internal citation omitted). District courts must therefore "ensure that any defects in exhaustion [are] not procured from the action or inaction of prison officials." *Id.* (internal quotation marks and citation omitted); *see also, e.g.*, *Hoover v. West*, 93 Fed. Appx. 177, 181 (10th Cir. 2004) (A prisoner lacks available remedies where prison officials deny him the necessary grievance forms.).

Here, Mr. Coates' non-specific statements regarding the cause of his admitted failure to exhaust his administrative remedies are insufficient to survive summary judgment. Mr. Coates does not dispute that he failed to file administrative grievances for the claims at issue in this case. *See* [#22 at 1-2]. Once the BOP demonstrated that Mr. Coates did not, in fact, file administrative grievances associated with the claims asserted in this action, the burden shifts to Plaintiff to demonstrate with specificity that there is a genuine issue of material fact. Mr. Coates states that

13

he did not exhaust available administrative remedies because his counselor put him off and that USP Florence has a reputation for retaliation, [*see id.* at 2-3]; however, these bare bones factual allegations are insufficient because he fails to provide any details, such as dates he made requests, specific forms that were requested, and what specific counselor denied him requested forms to create a genuine issue of material fact. "Vague, conclusory statements do not suffice to create a genuine issue of material fact." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 674 (10th Cir. 1998); *see also Bellmon*, 935 F.2d at 1111 ("A motion for summary judgment that is supported by affidavits or other materials provided under oath gives the adverse party notice that summary judgment is possible; the adverse party must respond with affidavits or other evidence to show a genuine issue of material fact." (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 (10th Cir. 1985)). It is not sufficient to generally allege that unnamed prison officials at USP Florence disfavor administrative grievances. Indeed, Mr. Coates was able to pursue grievances of at least two other issues (relating to disciplinary violations) during the time at USP Florence when he now alleges he was denied access to the administrative grievance process, and he fails to explain how he was able to pursue grievances on separate issues but not on the issues underlying this Complaint. *See* [#19 at 3, 5, #19-1 at 28-29]. The court therefore finds that Mr. Coates has not provided facts sufficient to make a showing that there is a genuine issue of material fact that he was, in fact, denied access to the administrative grievance process. Accordingly, the affirmative defense of failure to exhaust administrative remedies bars his claims, and this court respectfully recommends that Defendant BOP's Motion for Summary Judgment be granted. Mr. Coates' case should be dismissed without prejudice. *See Fields v.*

*Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (stating that dismissal of unexhausted claims on summary judgment should be without prejudice).

## III.   Preliminary Injunction

Because the court respectfully recommends that Defendants' Motion for Summary Judgment should be granted, barring this action from proceeding, it also recommends denying Plaintiff's Motion for a Preliminary Injunction as moot. However, to the extent the court passes on the substance of the Motion for a Preliminary Injunction, this court would recommend that the it be denied.

To succeed on a motion for a preliminary injunction under Fed. R. Civ. P. 65, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co.*, 552 F.3d at 1208 (citing *Winter*, 555 U.S. at 20). "Because a preliminary injunction is an extraordinary remedy, 'the right to relief must be clear and unequivocal.'" *Chem. Weapons Working Grp., Inc. (CWWG) v. U.S. Dep't of the Army*, 111 F.3d 1485, 1489 (10th Cir. 1997) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991). While the court construes papers filed by *pro se* parties liberally, *see Bellmon*, 935 F.2d at 1109, the court finds that Mr. Coates has not established clearly and unequivocally that he is entitled to a preliminary injunction for a number of reasons, including but not limited to, because he has not shown a likelihood of success on the merits. Because the court finds this element dispositive, it does not pass on the other required elements for a preliminary injunction to issue.

Mr. Coates requests a preliminary injunction in the form of an order from the court requiring: (1) "Defendant Allred to continue the pain medications plaintiff was receiving at St. Mary Corwin Hospital, to order and provide daily bandage changes, to provide all necessary postoperative care to plaintiff"; and (2) "the BOP to designate Delta-Bravo Unit of USP Florence a Medical Care Level 3 unit." [#5 at 3]. As the basis for the preliminary injunction, Mr. Coates stated that he "recently had major surgery to remove a foreign object from his stomach," and that as a result, he was in severe pain, was not receiving adequate palliative care, and was not receiving proper bandage changes. [*Id.*]. He also stated that "it is clear even to a lay person that a postoperative patient who has had their entire abdomen cut open would need strong pain medications, a liquid diet for a time, bandage renewal daily with sterile materials, monitoring for fever or infection, and all of these basic services have been withheld by defendants." [*Id.* at 2-3].

Defendants responded to Mr. Coates' Motion for Preliminary Injunction by arguing that the BOP has responded reasonably to Mr. Coates' medical conditions and that Mr. Coates has received proper medical care following his surgery. [#24 at 10.] In support of this position, Defendants provide a declaration of Defendant David Allred, one of Mr. Coates' medical providers. [#24-1]. In the declaration, Dr. Allred explains that Mr. Coates arrived at USP Florence with two narcotic pain medication prescriptions and "a history of self-inflicted mutilation including bowel trauma." [#19-1 at ¶ 7]. Dr. Allred stated that he determined that "[t]here was no objective indication for twice-daily" administration of the pain medications. [*Id.* at ¶ 9]. Accordingly, Mr. Coates' pain medication prescriptions were modified. [*Id.*]. According to Dr. Allred, Mr. Coates became upset at the discontinuation of his narcotic pain medications and proceeded to make a number of threats and engage in acts of self-harm in efforts

to have those pain medications administered to him. [*Id.* at ¶¶ 10-28]. Dr. Allred states that Mr. Coates has received a number of medications, care at outside facilities, and surgeries to treat him after these acts of self-mutilation and self-harm. [*Id.*]. Dr. Allred also provides a list of seven medications which Mr. Coates is currently being administered for his various medical conditions and states that Mr. Coates "continues to be medically assessed, monitored and treated by myself and other Bureau clinicians, and he continues to receive effective, responsive treatment for those conditions which are objectively indicated." [*Id.* at ¶ 29].

Because Mr. Coates' requested preliminary injunctive relief pertains only to his Eighth Amendment claim for inadequate medical care, this court frames its analysis of the Motion for Preliminary Injunction around such claim. To prove an Eighth Amendment claim, a prisoner must establish two elements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, under the objective component, he must show that "a prison official's act or omission resulted in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (citation omitted). Second, under the subjective component, he must show that prison officials acted with "a sufficiently culpable state of mind." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Such state of mind is one of "deliberate indifference" to the "inmate's health or safety." *Id.* (citations omitted). On the record before the court in this case, the court finds that Mr. Coates has not provided sufficient evidence to show a likelihood of success on the merits by establishing either of the two elements.

Indeed, the dispute between Mr. Coates and Dr. Allred about Mr. Coates' post-operative care, including what medications and dosages are appropriate, is the type of disagreement between a patient and his provider that other courts have regularly found to not be sufficient to establish claims for deliberate indifference to serious medical needs under the Eighth

17

Amendment. *See, e.g.*, *Free v. Unknown Officers of Bureau of Prisons*, 103 F. App'x 334, 337 (10th Cir. 2004); *Snipes v. DeTella*, 95 F.3d 586, 591-92 (7th Cir. 1996) ("Medical decisions that may be characterized as 'classic example[s] of matter[s] for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview. Such matters are questions of tort, not constitutional law.") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993); *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975) (A "prisoner's right is to medical care—not to the type or scope of medical care which he personally desires.") (citation omitted); *Pearson v. Simmons*, No. 95-3006, 1998 WL 154552, at *2 (D. Kan. Mar. 17, 1998) (While a plaintiff's disagreement with the course of treatment employed by prison medical staff may "amount[] to a medical malpractice claim cognizable in state court . . . a medical malpractice claim does not become a constitutional violation simply because the plaintiff is a prisoner.") (citations omitted). Therefore, this court finds that Plaintiff has not established a likelihood of prevailing on the merits of his underlying case to warrant a preliminary injunction..

On the basis of the foregoing, the court respectfully recommends denying Mr. Coates' Motion for a Preliminary Injunction.

## CONCLUSION

For the foregoing reasons, this court respectfully **RECOMMENDS** that:

(1)     Defendants' Motion for Summary Judgment [#19] be **GRANTED;**

(2)     Plaintiff's Motion for a Preliminary Injunction [#56] be **DENIED** as either moot upon finding that the failure to exhaust administrative remedies bars this action or on the merits

because Plaintiff has failed to establish a likelihood of success on the merits of his underlying Eighth Amendment claim for inadequate medical care; and

(3)  This action be **DISMISSED** without prejudice.[4]

DATED: December 31, 2015  BY THE COURT:

s/Nina Y. Wang_____
United States Magistrate Judge

---

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Pro. Known As 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).